## TOM JONES v. STATE.

No. A-3097.    Opinion Filed March 11, 1919.

**APPEAL AND ERROR—Review—Technical Questions.** Where the undisputed facts establish the guilt of the defendant, technical questions presented by the defendant as grounds for reversal are unnecessary to be considered by this court, under the provisions of section 6005, Rev. Laws 1910.

*Appeal from County Court, Tulsa County;*
*H. L. Standeven, Judge.*

Tom Jones was convicted of unlawfully conveying intoxicating liquors, and sentenced to pay a fine of one hundred fifty dollars, and to serve a term of thirty days imprisonment in the county jail, and appeals. Affirmed.

*Fred W. Kopplin,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM. This is an appeal from the county court of Tulsa county, wherein the defendant was convicted of the offense of unlawfully conveying thirty-eight one-half pints of whisky from a point unknown to a

point on the stairway leading up to the rooming house situated at 114½ East First street, in the city of Tulsa, Tulsa county, Oklahoma.

An examination of the record shows that the evidence points conclusively to the guilt of the defendant of the offense charged. No defense was interposed in his behalf, and no exceptions taken to any of the instructions given by the court, which said instructions cover the law of the case, and are not prejudicial to the substantial rights of the defendant.

The technical questions presented in the brief filed in behalf of the defendant are unnecessary to be considered, in view of the undisputed facts establishing the guilt of the defendant. One of the objects of the prohibitory liquor laws of this state is to prevent the unlawful sale of intoxicating liquors, and the defendant admitted to the arresting officer that the thirty-eight half-pints of liquor which he then possessed was intended for the purpose of sale, and at the same time he offered to bribe the arresting officer to permit his escape. The punishment inflicted by the jury was extremely light in view of the evidence.

The judgment of the county court of Tulsa county sentencing the defendant to pay a fine of one hundred fifty dollars, and to serve a term of thirty days in the county jail, is affirmed.